UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYSON JAMAL MCINTYRE,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN STREIGHT, et al.,<br><br>Defendants. | Case No. 25-cv-03074-RFL<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANT TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Bryson McIntyre, a detainee at Santa Rita Jail, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. He alleges that a deputy interfered with his ability to practice his religion, used excessive force against him, and removed his food for several days. The complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

When liberally construed, Plaintiff states a claim under the Free Exercise Clause, Religious Land Use and Institutionalized Persons Act, and the Fourteenth Amendment against Defendant Jonathan Streight, a deputy at Santa Rita Jail. Defendant shall file a response to the complaint, a dispositive motion, or a notice regarding such motion, on or before **October 9, 2025**. All other claims and Defendants are DISMISSED with leave to amend on or before **July 9, 2025**. Plaintiff may choose to continue only against Streight, or he may file an amended complaint. Failure to file an amended complaint will result in this case only proceeding against Streight.

1

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.    Legal Claims

Plaintiff alleges as follows: Plaintiff is a practicing Muslim who was provided a prayer rug by another detainee and was given permission to use it by the Imam with the jail chaplain's office. (Dkt. No. 1 at 2-3.) On December 31, 2022, Deputy Streight took the prayer rug and said that Plaintiff could not use it and could not tell people that he was a Muslim. (*Id*. at 3.) Either on that day or another day when Plaintiff attempted to speak to different jail official, Streight

pushed Plaintiff, and then grabbed him, slammed him into the ground, and drove his knee into Plaintiff's side repeatedly. (*Id*. at 3.) Plaintiff was then removed from the Ramadan meal service and was not provided food for four days. (*Id*.)

When liberally construed, Plaintiff has stated claims under the First Amendment's Free Exercise Clause and under the Religious Land Use and Institutionalized Persons Act (RLUIPA, 42 U.S.C. § 2000cc et seq.) against Streight for interfering with Plaintiff's ability to practice his religion. Plaintiff also states a claim against Streight under the Fourteenth Amendment for the assault and denial of food. If other Defendants were responsible for removing Plaintiff from the meal service, Plaintiff may file an amended complaint and identify them and describe their actions.

Plaintiff also names the Alameda County Sheriff as a Defendant but provides no allegations. "In a § 1983 or a *Bivens* action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Section 1983 does not provide respondeat superior liability – that is, liability solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This Defendant is dismissed with leave to amend. Plaintiff may file an amended complaint and present specific allegations describing how the Sheriff violated his rights.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendant Deputy Jonathan Streight shall be served at Santa Rita Jail. The Clerk shall issue a summons and the United States Marshal shall serve Defendant without prepayment of fees, a copy of the Complaint (Dkt. No. 1) and all attachments thereto, and a copy of this order. Additionally, the Clerk shall mail a copy of this order to Plaintiff. The remaining claims and Defendants are dismissed with leave to amend. Plaintiff may file an amended complaint on or before **July 9, 2025**, or he may choose to only proceed against Streight. Failure to file an

amended complaint in accordance with this order will result in dismissal of all Defendants except Streight.

    2.    On or before **October 9, 2025**, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

        a.    If Defendant elects to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

        b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    3.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than forty-five (45) days from the date Defendant's motion is filed.

    4.    Defendant shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

    5.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6.    All communications by the Plaintiff with the Court must be served on Defendant, or on Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

    7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under the Federal Rule of Civil Procedure is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this Order.  Such requests must be made directly to jail officials, not to the Court.

8. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012).  Defendant shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.

When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: June 11, 2025

RITA F. LIN
United States District Judge