UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYSON JAMAL MCINTYRE,<br><br>  Plaintiff,<br><br>  v.<br><br>JONATHAN STREIGHT,<br><br>  Defendant. | Case No. 25-cv-03074-RFL<br><br>**ORDER** |

    Bryson McIntyre, a detainee at Santa Rita Jail, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The sole Defendant in this case was served and a dispositive motion is due December 8, 2025. Plaintiff also sent a letter to the Court indicating that he requested medical records but was not provided the discovery and requested a subpoena from the Court. (Dkt. No. 22.) However, Plaintiff's letter was sent prior to Defendant being served and counsel appearing. Plaintiff should submit his discovery requests to Defendant's counsel. If Plaintiff is unable to obtain the records through the discovery process, the Court will provide a subpoena.

    Plaintiff is advised that the Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. *See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the Court to intervene in the discovery process. The

Court does not have the resources to oversee all discovery and so requires that the parties present to it only their very specific disagreements.

To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention.  *See* Fed. R. Civ. P. 37(a); N.D. Cal. Local Rule 37.  Where, as here, one of the parties is a detainee, the Court does not require in-person meetings and instead allows the detainee and defense counsel to meet and confer by telephone or exchange of letters.  Although the format of the meet-and-confer process changes, the substance of the rule remains the same:  the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute.  If Defendant will not provide the requested discovery, Plaintiff should send him a letter stating that he intends to pursue a motion to compel.  The letter should state the specific discovery he seeks, and state the reasons that Plaintiff believes he is entitled to such discovery.

**IT IS SO ORDERED.**

Dated: November 4, 2025

_____
RITA F. LIN
United States District Judge